79C01-2207-CT-000089
Tippecanoe Circuit Court

Filed: 7/11/2022 8:00 PM
Clerk
Tippecanoe County, Indiana

STATE OF INDIANA
CIRCUIT COURT OF TIPPECANOE COUNTY

| Fabian Huizar, | : | |
| --- | --- | --- |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | 79C01-2207-CT-_____ |
| | : | |
| Trans Union LLC, | : | **DEMAND FOR JURY TRIAL** |
| Defendant. | : | |

## COMPLAINT

### *Introduction*

1. This is a case about inaccurate credit information and a company's bad investigations of a person's disputes concerning such credit. With no regard for the clearly false credit information, the company ignored attempts to rectify the errors.

2. Trans Union LLC ("Trans Union") is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

3. This case involves an account held by Horizon Bank ("Horizon").

### *PARTIES*

**Plaintiff Fabian Huizar ("Mr. Huizar")**

4. Fabian Huizar ("Mr. Huizar") is an individual.

**Defendant Trans Union, LLC ("Trans Union")**

5. Trans Union is a limited liability company organized and existing under the laws of the State of Delaware.

6. Trans Union's principal place of business is located at 555 West Adams, Chicago, Illinois 60661.

7. Trans Union's registered agent for service of process in Indiana is The Prentice-Hall Corporation System Inc., 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204.

1

8. At all times relevant to this action, Trans Union employees and agents were agents acting on behalf of Trans Union.

9. Trans Union maintains a website at https://www.transunion.com

10. Trans Union LLC is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

### *Dispute Timing and Allegations*

#### 1.1   The July 2020 Dispute

11. In July of 2020, Mr. Huizar sent a letter to Trans Union dated for a day in July of 2020 disputing credit information (the "July 2020 Dispute") concerning Mr. Huizar.

12. Mr. Huizar's July 2020 Dispute indicated certain credit information was false or inaccurate.

13. The July 2020 Dispute disputed information concerning a Horizon Bank account.

14. Trans Union notified Horizon of Mr. Huizar's July 2020 Dispute and the inaccurate information alleged by Mr. Huizar.

15. Trans Union sent an Automated Credit Dispute Verification (ACDV) form to Horizon related to the July 2020 Dispute.

16. Contained in Mr. Huizar's July 2020 Dispute was documentation supporting the fact that certain disputed information was inaccurate.

17. In response to the July 2020 Dispute, Trans Union did not conduct a reasonable investigation with respect to the disputed information.

18. No individual person conducted an investigation of the July 2020 Dispute for Trans Union.

19. In conducting the investigation for the July 2020 Dispute, Trans Union did not review the relevant information provided in the July 2020 Dispute.
20. Trans Union was unable to verify the disputed information in the July 2020 Dispute.
21. In response to the July 2020 Dispute, Trans Union stated that it verified certain disputed information as accurate.
22. In response to the July 2020 Dispute, Trans Union did not to modify, delete or permanently block the disputed information.

### 1.2 The November 2020 Dispute

23. In November of 2020, Mr. Huizar sent a letter to Trans Union dated for a day in November of 2020 disputing credit information (the "November 2020 Dispute") concerning Mr. Huizar.
24. Mr. Huizar's November 2020 Dispute indicated certain credit information was false or inaccurate.
25. The November 2020 Dispute disputed information concerning a Horizon account.
26. Trans Union notified Horizon of Mr. Huizar's November 2020 Dispute and the inaccurate information alleged by Mr. Huizar.
27. Trans Union notified Horizon of Mr. Huizar's November 2020 Dispute and the inaccurate information alleged by Mr. Huizar.
28. Trans Union sent an Automated Credit Dispute Verification (ACDV) to Horizon related to the November 2020 Dispute.
29. In response to the November 2020 Dispute, Trans Union did not conduct a reasonable investigation with respect to the disputed information.

30. No individual person conducted an investigation of the November 2020 Dispute for Trans Union.
31. In conducting the investigation for the November 2020 Dispute, Trans Union did not review the relevant information provided in the November 2020 Dispute.
32. In response to the November 2020 Dispute, Trans Union responded to Mr. Huizar that certain disputed information was accurate.
33. Trans Union was unable to verify the disputed information in the November 2020 Dispute.
34. In response to the November 2020 Dispute, Trans Union did not to modify, delete or permanently block the disputed information.

### 1.3  The January 2021 Dispute

35. In January of 2021, Mr. Huizar sent a letter to Trans Union dated for a day in January of 2021 disputing credit information (the "January 2021 Dispute") concerning Mr. Huizar.
36. Mr. Huizar's January 2021 Dispute indicated certain credit information was false or inaccurate.
37. The January 2021 Dispute disputed information concerning a Horizon account.
38. Trans Union notified Horizon of Mr. Huizar's January 2021 Dispute and the inaccurate information alleged by Mr. Huizar.
39. Trans Union sent an Automated Credit Dispute Verification (ACDV) to Horizon related to the January 2021 Dispute.
40. Contained in Mr. Huizar's January 2021 Dispute was documentation supporting the fact that certain disputed information was inaccurate.

41. In response to the January 2021 Dispute, Trans Union did not conduct a reasonable investigation with respect to the disputed information.
42. No individual person conducted an investigation of the January 2021 Dispute for Trans Union.
43. In conducting the investigation for the January 2021 Dispute, Trans Union did not review the relevant information provided in the January 2021 Dispute.
44. In response to the January 2021 Dispute, Trans Union stated that it verified certain disputed information as accurate.
45. Trans Union was unable to verify the disputed information in the January 2021 Dispute.
46. In response to the January 2021 Dispute, Trans Union did not to modify, delete or permanently block the disputed information.

### 1.4    The November 2021 Dispute

47. In November of 2021, Mr. Huizar sent a letter to Trans Union dated for a day in November of 2021 disputing credit information (the "November 2021 Dispute") concerning Mr. Huizar.
48. Mr. Huizar's November 2021 Dispute indicated certain credit information was false or inaccurate.
49. The November 2021 Dispute disputed information concerning a Horizon account.
50. Trans Union notified Horizon of Mr. Huizar's November 2021 Dispute and the inaccurate information alleged by Mr. Huizar.
51. Trans Union sent an Automated Credit Dispute Verification (ACDV) form to Horizon related to the November 2021 Dispute.

52. Contained in Mr. Huizar's November 2021 Dispute was documentation supporting the fact that certain disputed information was inaccurate.
53. In response to the November 2021 Dispute, Trans Union did not conduct a reasonable investigation with respect to the disputed information.
54. No individual person conducted an investigation of the November 2021 Dispute for Trans Union.
55. In conducting the investigation for the November 2021 Dispute, Trans Union did not review the relevant information provided in the November 2021 Dispute.
56. In response to the November 2021 Dispute, Trans Union stated that it verified certain disputed information as accurate.
57. Trans Union was unable to verify the disputed information in the November 2021 Dispute.
58. In response to the November 2021 Dispute, Trans Union did not to modify, delete or permanently block the disputed information.

### 1.5 The December 2021 Dispute

59. In December of 2021, Mr. Huizar sent a letter to Trans Union dated for a date in December of 2021 disputing credit information (the "December 2021 Dispute") concerning Mr. Huizar.
60. Mr. Huizar's December 2021 Dispute indicated certain credit information was false or inaccurate.
61. The December 2021 Dispute disputed information concerning a Horizon account.
62. Trans Union notified Horizon of Mr. Huizar's December 2021 Dispute and the inaccurate information alleged by Mr. Huizar.

6

63. Trans Union sent an Automated Credit Dispute Verification (ACDV) form to Horizon related to the December 2021 Dispute.
64. Contained in Mr. Huizar's December 2021 Dispute was documentation supporting the fact that certain disputed information was inaccurate.
65. In response to the December 2021 Dispute, Trans Union did not conduct a reasonable investigation with respect to the disputed information.
66. No individual person conducted an investigation of the December 2021 Dispute for Trans Union.
67. In conducting the investigation for the December 2021 Dispute, Trans Union did not review the relevant information provided in the December 2021 Dispute.
68. In response to the December 2021 Dispute, Trans Union stated that it verified certain disputed information as accurate.
69. Trans Union was unable to verify the disputed information in the December 2021 Dispute.
70. In response to the December 2021 Dispute, Trans Union did not to modify, delete or permanently block the disputed information.

### *Additional Factual Allegations*

71. Trans Union could have known that the subject reporting was wrong.
72. Trans Union should have known that the subject reporting was wrong.
73. Trans Union did know that the subject reporting was wrong.
74. The false information should have been automatically trapped in Trans Union's system.
75. The subject reporting is inconsistent with established industry standards.
76. Mr. Huizar repeatedly notified Defendants of the inaccurate reporting.

7

77. Trans Union's procedures include reviewing all relevant information provided, yet Trans Union failed to review such information.
78. Alternatively, Trans Union has no procedures in generating the inaccurate reporting.
79. Trans Union was made aware of court rulings indicating that Trans Union's investigation was unreasonable.
80. At no point when Trans Union conducted any investigation into the disputed credit information did Mr. Huizar owe any money to Horizon.
81. Following each of the credit dispute investigations conducted by Trans Union, Trans Union represented that the disputed credit information met requirements of the Fair Credit Reporting Act.
82. At the time of the investigations of Mr. Huizar's disputed credit information, Trans Union did not have any procedures for people conducting such investigations to follow.
83. At the time of the investigations of Mr. Huizar's disputed credit information, Trans Union did not have written procedures concerning credit dispute investigations sufficient to find inaccurate information.
84. At the time of the investigations of Mr. Huizar's disputed credit information, Trans Union did not use written procedures sufficient to find concerning credit dispute investigations sufficient to find inaccurate information.
85. Trans Union acted negligently and with reckless disregard for its statutory duties.
86. Trans Union recklessly committed the acts described herein in conscious disregard for the rights of others, including Mr. Huizar.

87. At all times relevant to the facts in this case, Trans Union had in place an agreement concerning furnishing credit information.
88. In 2020, Trans Union had a subscriber agreement with Horizon.
89. In 2021, Trans Union had a subscriber agreement with Horizon.
90. In 2022, Trans Union had a subscriber agreement with Horizon.
91. Trans Union's investigations concerning Mr. Huizar's disputes were conducted, in whole or part, by people working outside of the United States.
92. Trans Union's investigations concerning Mr. Huizar's disputes were conducted, in whole or part, in part by people working inside of the United States.
93. It does not take an expert to determine that Trans Union's investigations were not reasonable.
94. Trans Union made a report of its revenue and its net worth for the calendar years 2020, 2021 and/or 2022.
95. Trans Union provides a monetary incentive, such as a bonus or a raise, to people conducting credit dispute investigations.
96. Trans Union has a way to track how much time is spent on a credit dispute investigation.
97. Trans Union made an error with respect to one or more credit dispute investigations concerning Mr. Huizar.
98. Trans Union keeps notes concerning the credit information it shares about consumers.
99. Trans Union is provided training by one or more attorneys on how to deal with credit disputes and conduct investigations. This training is used as part of Trans Union's business process for complying conducting dispute investigations.

100. Trans Union uses E-Oscar communications in the regular course of its business.

101. Trans Union had one or more written agreements, in place at some time between 2020 to 2022, describing an arrangement with a third party to perform credit dispute investigations.

102. Trans Union has records reflecting payment to the people or entities performing the credit dispute investigations relating to Mr. Huizar.

103. All conditions precedent necessary for this lawsuit have occurred or been performed by Mr. Huizar.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Trans Union for damages, fees, costs, and all such other relief that is just and proper.

## JURY DEMAND

Mr. Huizar demands a jury trial on all issues herein.

Respectfully submitted,
/s/ Duran L. Keller
Duran L. Keller (#31743-79)
**KELLER LAW**
8 N. Third Street, Suite 403
Lafayette, Indiana 47901
Telephone: (765) 444-9202
Facsimile: (765) 807-3388
Email: duran@keller.law
*Attorney for Fabian Huizar*